# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Quester Sterling-Suarez,**

   Petitioner

      v.

**United States of America,**

   Respondent.

CIVIL NO. 17-1902 (PG)
Related Crim. No. 02-117 (PG)

## OPINION AND ORDER

Before the court is Petitioner Quester Sterling-Suarez's ("Petitioner" or "Sterling") second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] See Docket No. 8. Petitioner argues that his convictions and sentences for violations to 18 U.S.C. §§ 924(c) and 924(j) should be vacated under the rationale set forth in Johnson v. United States ("Johnson II"), 135 S. Ct. 2551 (2015).[2] Specifically, Petitioner argues that the residual clause in Section 924(c)(3)(B) should be deemed unconstitutionally vague pursuant to Johnson II and that the predicate offense for the §§ 924(c) and 924(j) counts – conspiracy to commit a Hobbs Act robbery – is not a crime of violence as defined by the force clause in Section 924(c)(3)(A). The United States opposed Petitioner's motion but agreed that one of the counts should be vacated because the predicate offense is not a crime of violence under Section 924(c)'s force clause. See Docket No. 18.

---

[1] The First Circuit Court of Appeals granted Petitioner's request for leave to file a second or successive 28 U.S.C. § 2255 motion featuring a challenge to one or more 18 U.S.C. § 924(c) convictions based on Johnson v. United States, 135 S. Ct. 2551 (2015) (Johnson II), and related precedent. See Docket No. 7.

[2] In Johnson II, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague.

For the reasons discussed as follows, the court **GRANTS IN PART AND DENIES IN PART** Petitioner's motion to vacate.

## I. BACKGROUND

On March 14, 2003, a grand jury returned a ten-count second superseding indictment charging Sterling, and four others, with conspiracy to rob armored vehicles, in which a security guard was killed, and a number of substantive offenses related to the conspiracy. See Case No. 02-cr-117(PG), Docket No. 85. Specifically, Sterling was charged with the following: (1) Count One, conspiring to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951(a); (2) Count Two, aiding and abetting in the knowing possession, use, or carrying of firearms in furtherance or during and in relation to the conspiracy alleged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; (3) Count Three, aiding and abetting in the November 30, 2001 robbery of more than $100,000, in violation of 18 U.S.C. §§ 1951(a) and 2; (4) Count Four, aiding and abetting in knowing possession, use or carrying of firearms in furtherance or during and in relation to the November 30, 2001 robbery as set forth in Count Three, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; (5) Count Seven, aiding and abetting in the March 27, 2002 robbery of approximately $100,000, in violation of 18 U.S.C. §§ 1951(a) and 2; (6) Count Eight, aiding and abetting in the knowing possession, brandishing, use, or carrying of firearms during and in relation to the robbery set forth in Count Seven, unlawfully killing a security guard with malice aforethought, in violation of 18 U.S.C. §§ 924(j) and 2; (7) Count Nine, aiding and abetting in the knowing possession, brandishing, use, or carrying of firearms during and in relation to the

March 27, 2002 robbery alleged in Count Seven, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. See id.

After an eight-day jury trial, Sterling was found guilty as to all charged counts. See Case No. 02-cr-117(PG), Docket No. 563. On December 12, 2005, Petitioner was sentenced to: twenty-year terms as to each of Counts One, Three, and Seven, to be served concurrently; thirty-year terms as to each of Counts Two and Nine, to be served concurrently to each other and to the sentence in Count Four, but consecutively to the other counts; a twenty-one year term as to Count Four; and a life term of imprisonment as to Count Eight. See Case No. 02-cr-117(PG), Docket No. 589.

On July 22, 2015, the undersigned denied Petitioner's first § 2255 motion because it was time barred and because his arguments under Frye[3] or Lafler[4] were unavailing. See Case No. 13-cv-1013(PG), Docket No. 7. On June 23, 2017, Sterling filed a second successive § 2255 motion pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), which the First Circuit Court of Appeals allowed, and the undersigned will now consider. See Dockets No. 7-8.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

---

[3] Missouri v. Frye, 566 U.S. 134 (2012).
[4] Lafler v. Cooper, 566 U.S. 156 (2012).

### III.     DISCUSSION

Sterling first argues that the "residual clause" in Section 924(c)(3)(B) should be deemed unconstitutionally vague pursuant to the principles set forth in Johnson II. The court first notes that after Petitioner sought leave to file his second § 2255 motion, but before the government filed its opposition, the Supreme Court held that the residual clause contained in Section 924(c)(3)(B) is indeed unconstitutionally vague. See United States v. Davis, 139 S.Ct. 2319, 2336 (2019). Petitioner is right in that respect.

Sterling next argues that it was unclear whether the predicate offense in some of his counts was the actual robbery or the conspiracy to commit a Hobbs Act robbery, the latter of which he claims is not a crime of violence under Section 924(c)(3)'s force clause. See Docket No. 8 at pages 12-14. He argues that because the predicate offense of conspiracy to commit a Hobbs Act robbery is not a crime of violence under the force clause, this court should vacate his convictions for the counts charging him with violations to Section 924(c)[5] and 924(j).[6]

In its opposition, the United States agrees that such a conspiracy is not a crime of violence as the term is defined in Section 924(c)(3)'s force clause. See Docket No. 18 at pages 5-6. Nevertheless, the government explains that the only count impacted by the Supreme Court's decisions in Johnson II and Davis is Count Two and that this is the only conviction that should

---

[5] Section 924(c)(1)(A) provides for a sentencing enhancement when a defendant, during and in relation to any "crime of violence," uses or carries a firearm or possesses a firearm in furtherance of a crime of violence. See 18 U.S.C. § 924(c)(1)(A).

[6] Section 924(j) states as follows:
>    (j) A person who, in the course of a violation of subsection (c), causes the death of
> a person through the use of a firearm, shall—
>> (1) if the killing is a murder (as defined in section 1111), be punished by
>> death or by imprisonment for any term of years or for life; and
>> (2) if the killing is manslaughter (as defined in section 1112), be punished
>> as provided in that section.
>
> 18 U.S.C. § 924(j).

be vacated in accordance with the new state of the law. See Docket No. 18 at pages 5-6. The court agrees with the government.

As set forth *supra*, Counts Two, Four and Nine charged Sterling with violations to Section 924(c), whereas Count Eight charged him with a violation to Section 924(j). After review of the Second Superseding Indictment,[7] the court disagrees with Petitioner's assertions that the predicate offense for these counts was not plainly ascertainable. The record belies his argument. It was clear from the indictment what the predicate offenses for the Counts at issue were, to wit:

    a.    for Count Two, the predicate offense is the conspiracy to rob charged in Count One, which was a violation of 18 U.S.C. § 1951(a);

    b.    for Count Four, the predicate offense is the November 30, 2001 robbery charged in Count Three, which was a violation of 18 U.S.C. § 1951(a);

    c.    for Count Eight, the predicate offense was the March 27, 2002 robbery set forth in Count Seven, which was a violation of 18 U.S.C. § 1951(a), and resulted in the killing of a security guard in violation of Section 924(j); and,

    d.    for Count Nine, the predicate offense was the March 27, 2002 robbery set forth in Count Seven, which again, was a violation of 18 U.S.C. § 1951(a).

For Petitioner's convictions on these Counts to remain valid, the court must determine whether the predicate offenses underlying these Counts qualify as a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A). Section 924(c)(3)'s "force clause" or "elements clause" defines "crime of violence" as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another … ." 18 U.S.C.A. § 924(c)(3)(A). "To assess whether a predicate crime qualifies as a 'crime of violence'

---

[7] See Case No. 02-cr-117(PG), Docket No. 85.

under the force clause of § 924(c), we apply a categorical approach." United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1391, 203 L. Ed. 2d 623 (2019) (citing United States v. Taylor, 848 F.3d 476, 491 (1st Cir. 2017)). "That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime." Taylor, 848 F.3d at 491. "The Supreme Court has defined 'physical force' in a similarly-worded statute as 'violent force—that is, force capable of causing physical pain or injury to another person.'" United States v. Seams, No. CR 14-049 S, 2017 WL 2982962, at *3 (D.R.I. July 12, 2017) (citing Johnson v. United States ("Johnson I"), 559 U.S. 133, 140 (2010)).

The predicate offenses in Counts Four, Eight and Nine are the *substantive* Hobbs Act[8] robberies that took place on November 30, 2001 and March 27, 2002, in violation of 18 U.S.C. § 1951(a).[9] The First Circuit Court of Appeals has held that "Hobbs Act robbery ... qualifies as a crime of violence under the force clause of section 924(c)." United States v. Garcia-Ortiz, 904 F.3d 102, 106 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1208, 203 L. Ed. 2d 232 (2019). The higher court's determination basically ends the inquiry. Regardless of the Supreme Court's holding in Davis, Petitioner's convictions as to Counts Four, Eight and Nine still stand because their predicate offense is a crime of violence. As a result, his motion to vacate those Counts is **DENIED**.

---

[8] "The Hobbs Act prohibits interference with interstate commerce through 'robbery or extortion.'" United States v. Brissette, 919 F.3d 670, 672 (1st Cir. 2019) (citing 18 U.S.C. § 1951(a)).

[9] 18 U.S.C. § 1951(a) states that:
> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C.A. § 1951.

Now, the predicate offense in Count Two is Count One's *conspiracy* to commit a Hobbs Act robbery, which the government concedes is not a crime of violence under the force clause in Section 924(c)(3). Indeed, sister courts in our Circuit have already held as much. See Durfee v. United States, No. 16-CV-280-JD, 2020 WL 1942324, at *2 (D.N.H. Apr. 20, 2020) ("Conspiracy to commit Hobbs Act robbery, the predicate offense at issue in this case, is not a "crime of violence" as defined by § 924(c)(3)(A) because it does not have as an element the use, or threatened use of physical force against the person or property of another."); Kenney v. United States, No. 20-CV-00207-LM, 2020 WL 869791, at *2 (D.N.H. Feb. 21, 2020) ("This court therefore concludes that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under the "elements clause" of 18 U.S.C. § 924(c)(3)(A)."). Several other courts have concluded so as well. See, e.g., Brown v. United States, 942 F.3d 1069, 1075-76 (11th Cir. 2019) (concluding conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the elements clause); United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019) (vacating defendant's conviction because Davis precluded Court from concluding that Hobbs Act robbery conspiracy qualifies as a § 924(c) crime of violence); United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (holding that conspiracy to commit Hobbs Act robbery is not crime of violence under force clause in § 924(c)(3)(A)); DOMINIQUE WALLACE, Movant, v. UNITED STATES OF AMERICA, Respondent., No. 3:19-CV-01122, 2020 WL 2194002, at *4 (M.D. Tenn. May 6, 2020) ("As a result of Davis, conspiracy to commit robbery affecting commerce is no longer viable as a qualifying crime of violence for purposes of § 924(c)(3).").

The undersigned is persuaded by these court's application of the categorical approach to the elements of the offense in question, namely, conspiracy to commit a Hobbs Act robbery. "The elements of conspiracy center on a defendant's agreement to commit a crime and do not require the government to prove the elements of the underlying substantive crime itself." Brown, 942

F.3d at 1075. In looking at the elements of a conspiracy [10] – agreement, knowledge and participation –, the courts have found that neither agreement or knowledge "necessitates the existence of a threat or attempt to use force," and that a defendant's voluntary participation "may manifest itself in any one of countless non-violent ways." Brown, 942 F.3d at 1075. After the requisite examination, the cited courts have essentially concluded "that physical force is not an element of conspiracy to commit Hobbs Act robbery." Kenney, 2020 WL 869791, at *2.

The same logic applies to Petitioner's case with respect to Count Two, which at any rate is a non-issue insofar as the government does not contest it. So, after careful review of the relevant caselaw and the government's response, the undersigned agrees that upon application of the categorical approach, Sterling's conviction on Count Two cannot stand because the predicate offense for this count — conspiracy to commit Hobbs Act robbery — does not categorically require the use, attempted use, or threatened use of physical force under the elements clause in § 924(c)(3)(A).

Pursuant to the foregoing discussion, the undersigned **GRANTS** Petitioner's request to vacate his conviction for Count Two.

## IV. CONCLUSION

For all the reasons stated above, Sterling's request for relief under 28 U.S.C. § 2255 (Docket No. 8) is hereby **GRANTED IN PART AND DENIED IN PART**. Petitioner shall be thus resentenced in the underlying criminal case.[11] The above-captioned case is now **DISMISSED** and judgment shall be entered accordingly.

---

[10] "To prove the elements of the crime of conspiracy, the government must show the existence of a conspiracy, the defendant's knowledge of the conspiracy, and the defendant's voluntary participation in the conspiracy." United States v. Perez-Gonzalez, 445 F.3d 39, 49 (1st Cir. 2006) (citing United States v. Llinas, 373 F.3d 26, 30 (1st Cir.2004)).

[11] In its response, the government argues that the court should vacate Sterling's conviction on Count Two, eliminate the special monetary assessment for that Count, and issue an amended judgment without the need to reconvene for

## V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, May 12, 2020.

<u>S/ JUAN M. PÉREZ-GIMÉNEZ</u>
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**

---

a sentencing hearing because Sterling's total imprisonment term is not affected. <u>See</u> Docket No. 18 at pages 7-8. The matter shall be considered upon resentencing in 02-cr-117(PG).